**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Wayne Sorem and Bonnie Sorem,

Plaintiffs,

v.

The Bank of New York Mellon f/k/a the Bank of New York as Trustee for The Certificateholders of The Cwabs, Inc., Asset-Backed Certificated, Series 2005-5; Wilford, Geske & Cook, P.A.; and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,

Defendants.

Civil No. 13-290 (DWF/JSM)

**MEMORANDUM OPINION AND ORDER**

---

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

Andre T. Hanson, Esq., and Sparrowleaf Dilts McGregor, Esq., counsel for Defendant The Bank of New York Mellon.

David R. Mortensen, Esq., and Michael R. Sauer, Esq., counsel for Wilford, Geske & Cook, PA.

---

## INTRODUCTION

This matter is before the Court on an Amended Motion to Dismiss brought by Defendant Wilford, Geske & Cook, PA[1] ("Wilford") (Doc. No. 27) and a Motion to Dismiss Amended Complaint brought by The Bank of New York Mellon ("BNYM")

---

[1] "Wilford and Geske, P.A." was named in the Complaint, and Wilford & Geske, P.A. is an assumed name of Wilford, Geske & Cook, P.A.

(Doc. No. 29). For the reasons set forth below, the Court grants the motions to dismiss. This matter is also before the Court on a Motion to Remand (Doc. No. 15) and a Motion to Withdraw as Counsel (Doc. No. 45) brought by Plaintiffs Wayne Sorem and Bonnie Sorem (together, "Plaintiffs"). For the reasons set forth below, the Court denies the Motion to Remand and grants the Motion to Withdraw as Counsel.

**BACKGROUND**

Plaintiffs are loan borrowers who executed a note and mortgage with respect to their home in Otter Tail County, Minnesota. (Doc. No. 26 ("Second Am. Compl.") ¶¶ 1, 5.) On May 12, 2005, Plaintiffs executed a promissory note in favor of Countrywide Home Loans, Inc. ("Countrywide") and delivered a mortgage in favor of Mortgage Electronic Registration Systems ("MERS"). (*Id*. ¶ 5.) BNYM securitized the loan into a mortgage-backed securitization entitled the Cwabs, Inc., Asset-Backed Certificates, Series 2005-5. (*Id*. ¶ 9 & Ex. 4.)

On March 4, 2011, MERS assigned its interest in the mortgage to BNYM. (Second Am. Compl. ¶ 7 & Ex. 2.) The assignment was executed by Mercedes Gonzalez Judilla as Assistant Secretary for MERS. (*Id*.) On March 14, 2011, Wilford executed and recorded a Notice of Pendency and Power of Attorney ("POA"). (*Id*. ¶ 17.) The POA was executed by James A. Geske of Wilford as attorney-in-fact for Countrywide and BNYM. (*Id*. Ex. 5.) In November of 2011, BNYM, through Wilford, noticed a Sherriff's Sale for the property, and the sale was conducted on December 1, 2011. (*Id*. ¶ 21 & Ex. 6.) Wilford, on behalf of BNYM, appeared at the Sheriff's Sale and purchased the home by bidding $120,440.36; the debt owed to BNYM. (*Id*.) On

December 28, 2011, Wilford, on behalf of BNYM, filed a complaint in state court to evict Plaintiffs, and Wilford prosecuted the eviction. (*Id*. ¶¶ 27, 28.)

On December 19, 2012, more than one year after the Sheriff's Sale, Plaintiffs commenced this action in Otter Tail County District Court. (Doc. No. 1, Ex. 1.)[2] Defendant BNYM, with the consent of Wilford, removed the action to this Court. (Doc. No. 1.) On April 11, 2012, Plaintiffs filed a Second Amended Complaint which asserts five causes of action: (1) Determination of Adverse Claims, Minn. Stat. § 559.01; (2) Declaratory Judgment, Minn. Stat. § 555.01, *et seq*.; (3) Penalties for Deceit or Collusion, Minn. Stat. § 481.07; (4) Negligence Per Se; and (5) Slander of Title. (Second Am. Compl. ¶¶ 30-56.) Plaintiffs' claims are based on two legal theories: (1) that the foreclosure was procedurally defective because there were unrecorded assignments and POAs (*see id*. ¶¶ 11, 18, 21, 22 & 28); and (2) that the signatories on several of the foreclosure related mortgage instruments did not have legal authority to execute the instruments (*id*. ¶¶ 8, 19, 21 & 28). Plaintiffs contend that they remain the owners of the property because the sale was void. (*Id*. ¶ 29.)

Defendants now move to dismiss all of Plaintiffs' claims. Plaintiffs also move to remand and to withdraw their current attorney. The Court considers the pending motions below.

---

[2] It appears that Plaintiffs did not serve the Complaint on Defendants until on or around January 17, 2013. (Doc. No. 1, Ex. 2.)

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous*, 186 F.3d at 1079 (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Motions to Dismiss

### A. Rule 8

Defendants argue that Plaintiffs' Second Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Plaintiffs' claims are based on factual assertions made upon "information and belief." (*See, e.g.*, Second Am. Compl. ¶¶ 8, 18, 19, 22.) For example, Plaintiffs assert, "upon information and belief," that Mercedes Gonzalez Judilla did not have the legal authority to execute the assignment of mortgage at the time she executed it; there is no record of transferring power of attorney between parties which would empower Wilford to act with power of attorney; James Geske did not have the legal authority to execute the POA; and "there exist unrecorded assignments of mortgage that Defendants failed to record prior to the commencement of the foreclosure in this case." (*Id*.) Plaintiffs rely on these asserted facts to draw conclusions about Defendants' knowledge and authority to act in the foreclosure proceedings. Plaintiffs fail to offer any specific factual allegations to support their claims that the assignment of mortgage and power of attorney are invalid because they were unrecorded or transacted by individuals lacking legal authority.

The allegations do not satisfy Rule 8. *See, e.g.*, *Novak v. JP Morgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 WL 3638513, at *6 (D. Minn. Aug. 23, 2012) (holding that plaintiffs' claims "upon information and belief" regarding the execution and validity of assignments are bare and conclusory and fail to satisfy Rule 8); *Haubrich v. U.S. Bank Nat. Ass'n*, Civ. No. 12-565, 2012 WL 3612023, at *5 (D. Minn. Aug. 21, 2012) (holding conclusory statements made "upon information and belief" regarding the execution and validity of assignments did not meet requirements of Rule 8). The Court concludes that Plaintiffs have failed to comply with Rule 8, as their Second Amended Complaint "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiffs' bald assertions fail to provide any facts necessary to render their claims plausible. Accordingly, the Second Amended Complaint is properly dismissed. Even so, the Court considers alternative grounds for dismissal below.

**B. Standing**

Even if Plaintiffs' pleading satisfied Rule 8, Plaintiffs lack standing to object to the foreclosure of their property. At the heart of Plaintiffs' claims is the allegation that the foreclosure and mortgage are void because unrecorded assignments exist and because various documents were signed without legal authority. However, the foreclosure sale occurred on December 1, 2011, and Plaintiffs initiated this lawsuit on December 19, 2012, at the earliest. Thus, on the face of the initially filed complaint,

Plaintiffs did not object to the foreclosure within the redemption period.[3] Plaintiffs, therefore, no longer have standing to challenge the foreclosure. *See, e.g.*, *Schulz v. Wells Fargo Bank, N.A.*, Civ. No. 12-2147, 2012 WL 6591457, at *2 (D. Minn. Dec. 18, 2012); *Haubrich*, Civ. No. 12-565, 2012 WL 3612023, at *3-4.[4] In addition, Plaintiffs base their claims on the primary argument that the foreclosure is void because unrecorded assignments exist, and in support Plaintiffs argue that BNYM's Pooling and Servicing Agreement requires that an assignment be executed in favor of BNYM. Plaintiffs lack standing to make this challenge. *See, e.g, Karnatcheva v. JP Morgan Chase Bank, N.A.*, 704 F.3d 545, 547 (8th Cir. 2013); *Novak*, No. 12-589, 2012 WL 3638513, at *6.

Accordingly, Plaintiffs' Complaint is also properly dismissed for lack of standing.

**C. Merits**

Because Plaintiffs' entire Second Amended Complaint is properly dismissed with prejudice for the reasons stated above, the Court need not address the reasons that each individual cause of action fails to state a claim. The Court does, however, note that the two theories posited by Plaintiffs fail as a matter of law. Plaintiffs' theory that prior to foreclosure there was an unrecorded assignment of their mortgage fails because Plaintiffs do not allege that someone actually created and executed (and then failed to record) an

---

[3] Plaintiff failed to object to the foreclosure under both the six-month and twelve-month redemption periods under Minn. Stat. §§ 580.23(a) and 580.23, subd. 2(5), respectively.

[4] The Court acknowledges that Minnesota courts require strict compliance with foreclosure by advertisement statutes. *Ruiz v. 1st Fidelity Loan Servicing, LLC,* 829 N.W.2d 53, 56–59 (Minn. 2013).

assignment prior to the foreclosure. Instead, Plaintiffs claim, without factual support, that the securitization trust documents require certain assignments. Plaintiffs offer mere speculation about what may have happened, but the facts alleged in the Second Amended Complaint do not allow for any plausible inference in favor of Plaintiffs' theory. *See, e.g., Dunbar v. Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 839, 848 (D. Minn. 2012). Second, Plaintiffs' allegations simply do not support their theory that the signatories lacked legal authority to execute certain documents. *See, e.g., Nelson v. The Bank of New York Mellon*, Civ. No. 12-1096, 2012 WL 4511165, at *3 (D. Minn. Oct. 1, 2012).

In short, Plaintiffs have not alleged any specific facts that would demonstrate a defect in the mortgage instruments or specific facts or law that would call into question any assignment of a mortgage in this action. For these reasons, Plaintiffs cannot establish that Defendants were not entitled to foreclose. Plaintiffs' claims are all properly dismissed with prejudice. Because it is apparent to the Court that there is no legal or factual basis for any asserted claim against Defendants, the Court grants both BNYM's and Wilford's motions to dismiss.

**III. Motion to Remand**

Plaintiffs move to remand this case to Minnesota State Court. (Doc. No. 15.) Plaintiffs argue that the United Stated District Court does not have jurisdiction because there is not complete diversity, as Wilford is a Minnesota law firm. (Doc. No. 16 at 5.) As explained above, the Second Amended Complaint asserts no viable claims against Wilford. As such, Wilford was fraudulently joined as a party to this case and therefore should be ignored for jurisdictional purposes. Both the Eighth Circuit and this District

have agreed with this position in similar cases, including two recent decisions by the Eighth Circuit addressing similar arguments for remand. *Karnatcheva*, 704 F.3d at 546; *Murphy v. Aurora Loan Servs., LLC.*, 699 F.3d 1027, 1031–1032 (8th Cir. 2012).

Federal diversity jurisdiction exists, and this case was properly removed based on diversity jurisdiction. Therefore, Plaintiffs' Motion to Remand is denied.

## IV. Motion to Withdraw

William Butler, counsel for Plaintiffs, has also moved to withdraw as counsel without consent. (Doc. No. 45.) Butler has submitted a written notice from Plaintiffs requesting termination of representation. (Doc. No. 46, Butler Aff. ¶ 2.) The Court grants the motion to withdraw.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. BNYM's Amended Motion to Dismiss (Doc. No. [29]) is **GRANTED**.

2. Wilford's Amended Motion to Dismiss (Doc. No. [27]) is **GRANTED**.

3. Plaintiffs' Second Amended Complaint (Doc. No. [26]) is **DISMISSED WITH PREJUDICE**.

4. Plaintiffs' Motion to Remand (Doc. No. [15]) is **DENIED**.

5. Plaintiffs' Motion to Withdraw as Attorney (Doc. No. [45]) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 29, 2013

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge